IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIOPURE HEALING PRODUCTS, LLC<br><br>Plaintiff,<br><br>v.<br><br>WELLNX LIFE SCIENCES, INC.<br><br>Defendant. | Civil Action No.: _____<br><br>COMPLAINT<br><br>DEMAND FOR JURY |

Plaintiff BioPure Healing Products, LLC ("Plaintiff" or "BioPure"), for its Complaint against Defendant WellNX Life Sciences, Inc. ("Defendant" or "WellNX") alleges as follows:

## I.   NATURE OF ACTION

1.   This is an action to redress violations of the federal Lanham Act for infringement of federally registered trademarks (15 U.S.C. § 1114) and for false designation of origin (15 U.S.C. § 1125(a)) as the result of willful and unauthorized use by Defendant of BioPure's BIOPURE trademark (the "BIOPURE Mark"). Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement, monetary remedies, reasonable attorneys' fees and other relief.

## II.   PARTIES

2.   BioPure is a Washington limited liability company with a principal place of business located at 15315 NE 90th Street, Redmond, Washington 98052.

COMPLAINT ............................................................ 1

3. Defendant WellNX is a Canadian corporation with a principal place of business located at 6335 Edwards Blvd., Mississauga, Ontario, Canada L5T2W7.

### III.   JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's complaint under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's claim arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

5. On information and belief, Defendant WellNX has sold and continues to sell nutritional supplement products labelled and packaged with Plaintiff's BIOPURE Mark (a) directly to consumers within this judicial district and (b) to national online and brick and mortar retailers who have sold and are selling such products within this judicial district. This Court therefore has personal jurisdiction over the Defendants.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because events giving rise to the claims alleged herein occurred in this judicial district, the infringement occurred in this judicial district, and the harm sustained by Plaintiff has been and is incurred in this judicial district.

### IV.   GENERAL ALLEGATIONS

7. Plaintiff is the owner of the BIOPURE Mark for variety of nutritional, dietary and herbal supplements and beverages, including herbal tea, among other products. Plaintiff has continuously used the BIOPURE Mark in commerce since at least as early as 2004.

8. The BIOPURE Mark is the subject of U.S. Trademark Registration No. 4,696,290 for a variety of goods and services including, among others, "Electrolytes; Nutritionally fortified water" and "On line retail store services featuring health preservation products." The BIOPURE Mark is also the subject of U.S. Trademark Application Ser. No. 87/246,971 for "Nutritional supplements; dietary supplements; herbal supplements; suppositories; herbal tinctures; electrolytes; and herbal teas for medicinal purposes, []."

9. Plaintiff sells its various goods under the BIOPURE Mark directly to consumers and to health care professionals for resale to consumers. Plaintiff's sales of BIOPURE-branded products are national in scope.

10. As a result of the continuous and widespread use of the BIOPURE Mark over the last twelve years, Plaintiff owns valuable goodwill in the BIOPURE Mark for its various goods and services, including herbal tea.

11. Plaintiff recently was made aware that Defendant currently offers a line of Slimquick brand nutritional supplements branded with the name "BioPure green teatm" (collectively the "Infringing Products"). The Infringing Products include caplets, gummies, drink mixes and shakes.

12. The following is a photograph of one of the Slimquick products, namely, the Slimquick Pure Extra Strength Gummies "with BioPure green teatm" which was recently purchased at a Target store in Woodinville, Washington:

 

13. On information and belief, Defendant distributes the Infringing Products nationally through major brick and mortar and online U.S. mass market retailers including Target, Walmart, Walgreens, CVS and Kroger, among others. Defendant also distributes the Infringing Products directly to consumers through its website www.myslimquick.com.

14. Defendant touts that the Infringing Products will help you lose weight. For example, on its website, Defendant says "New SLIMQUICK Pure – a ground-breaking natural formula that's designed to help women lose 3 times the weight in 13 weeks." Defendant continues: "Its exclusive natural extract is so potent, it makes new SLIMQUICK Pure the most effective weight loss supplement for Women Period." A copy of the webpage where these statements appear is attached as **Exhibit A**.

15. Defendant has received substantial negative publicity concerning its Slimquick products. For example, Defendant was the subject of multi-district litigation in which plaintiffs charged that Defendant was liable for making unsubstantiated, false and misleading claims concerning its Slimquick products in violation of the consumer protection laws of 16 states. The case was settled in 2011 and Defendant was required to pay a $14 per unit refund to each member of the settlement class. A news article describing this settlement and the Court's order approving it are attached as **Exhibit B**.

16. Even more troubling, Slimquick products including the "BioPure green tea extract" have been found to be associated with liver damage in clinical studies. This has led to a number of lawsuits against Defendant for allegedly causing liver toxicity. Sample news articles describing these events are attached in **Exhibit C**.

17. On information and belief, Defendant did not start using the name "BioPure" in connection with its green tea extract ingredient until late 2013.

18. Defendant's use of the Plaintiff's BIOPURE Mark is without authorization of Plaintiff

19. Defendant's unauthorized use of the BIOPURE Mark in connection with a green tea extract ingredient of its various dietary supplement products is likely to cause confusion, or to cause mistake, or to deceive concerning the source of Defendant's goods and/or whether there is any connection or affiliation between Defendant and the source of Plaintiff's BIOPURE Mark.

20. By letter dated January 20, 2017, Plaintiff's counsel sent a letter to Defendant demanding that Defendant cease its unauthorized use of Plaintiff's BIOPURE Mark. On February 9, 2017, a representative from Defendant advised that Defendant's president would respond to the letter by Monday, February 13, 2017. To date, no response from Defendant's president has been received.

21. On February 28, 2017, Plaintiff's counsel wrote to Defendant again seeking its response to the original demand from January. On March 1, 2017, Defendant advised that its lawyers would be contacting counsel for Plaintiff that same day. To date, no response from Plaintiff's lawyers has been received.

22. Defendant's continued unauthorized use of the BIOPURE Mark is causing irreparable harm and will continue to cause irreparable harm to the goodwill of the BIOPURE Mark, the ability of that mark to serve as source indicators for the goods and services offered under the BIOPURE Mark and Plaintiff's ability to control the use of the BIOPURE Mark so that it may function as a source identifier.

23. Defendant's unauthorized use of the BIOPURE Marks has unjustly increased the profits of Defendant's business to the detriment of Plaintiff and at no cost to Defendants.

V. **FIRST CAUSE OF ACTION: FEDERAL TRADEMARK INFRINGEMENT**

**(15 U.S.C. § 1114)**

24. Plaintiff restates and realleges the allegations of paragraphs 1 through 23.

25. The actions of Defendant, as alleged above, constitute the unauthorized use in commerce of reproductions, counterfeits, copies or colorable imitations of Plaintiff's registered BIOPURE Mark in connection with the sale, offering for sale, distribution or advertising of goods on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of Defendants' goods or services in violation of 15 U.S.C. § 1114.

26. Defendant's actions in infringing Plaintiff's BIOPURE Mark have been and continue to be willful as Defendant has been on constructive notice of the registration of Plaintiff's BIOPURE Mark and on actual notice of Plaintiff's BIOPURE Mark since at least as early as January 20, 2017.

27. Defendant's actions in infringing Plaintiff's BIOPURE Mark have caused and will continue to cause Plaintiff to sustain damage, loss and injury, in an amount that cannot be fully measured or compensated in economic terms. The actions of Defendant have damaged and will continue to damage, the business, market, reputation, and goodwill of Plaintiff, and may discourage current and potential customers from dealing with Plaintiff.

28. Defendant's actions in infringing Plaintiff's BIOPURE Mark will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## VI. SECOND CAUSE OF ACTION: FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(A))

29. Plaintiff restates and realleges the allegations of paragraphs 1 through 28.

30. Defendant's unauthorized use of the BIOPURE Mark in connection with its goods is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection , or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff in violation of 15 U.S.C. § 1125(a)(1)(A).

31. Defendant's actions in violation of Section 1125(a) have been willful and continue to be willful as Defendant has been on constructive notice of the registration of Plaintiff's BIOPURE Mark and on actual notice of Plaintiff's BIOPURE Mark since at least as early as January 20, 2017.

32. Defendant's actions in violation of Section 1125(a) have caused and will continue to cause Plaintiff to sustain damage, loss and injury, in an amount that cannot be fully measured or compensated in economic terms. The actions of Defendant have damaged and

will continue to damage, the business, market, reputation, and goodwill of Plaintiff, and may discourage current and potential customers from dealing with Plaintiff.

33. Defendant's actions in violation of Section 1125(a) will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

A. That Defendant, its respective principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them, be preliminarily and permanently enjoined and restrained from:

1. Using the BIOPURE Mark or any term or mark confusingly similar to BIOPURE Mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of any goods or services;

2. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff or any authorized user of the BIOPURE Mark and Defendant are one and the same or are in some way connected or that Plaintiff is a sponsor of Defendant or that the services of Defendants originate with Plaintiff or any authorized user of the BIOPURE Mark or are likely to lead the trade or public to associate Defendant with Plaintiff;

B. That Defendant be required to file with the Court and serve on Plaintiff a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

C. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, packaging, and any other materials bearing the infringing marks together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

D. That Defendant be ordered to disgorge all profits attributable to its infringement of the BIOPURE Mark, in an amount to be determined at trial, and that such amount be trebled;

E. That Plaintiff be awarded all actual damages caused by Defendant's infringement of the BIOPURE Mark, in an amount to be determined at trial, and that such amount be trebled.

F. That Plaintiff recover its reasonable attorneys' fees as this case is exceptional under 15 U.S.C. § 1117; and

G. That Plaintiff be granted such other and further relief as this Court shall deem, just, lawful or equitable.

DATED this 23rd day of March 2017,

Respectfully submitted,

Marc C. Levy, WSBA No. 19203
Seed IP Law Group LLP
701 Fifth Ave., Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900
Facsimile: (206) 682-6031
Email: marcl@seedip.com

Attorneys for Plaintiff
BioPure Healing Products, LLC